UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Redi Fresh Produce, Inc.`, | ) |
| | ) |
| *Plaintiff,* | ) Case No. |
| | ) |
| v. | ) |
| | ) |
| Global Tropical Fresh Fruit Corp., | ) |
| and Harvey Ehrlich, | ) |
| | ) |
| *Defendants.* | ) |

CV 14 - 0340

MATSUMOTO, J.

LEVY, M.J.

ORDER TO SHOW CAUSE WITH
TEMPORARY RESTRAINING ORDER WITHOUT NOTICE

**THIS MATTER** Having come before the Court on the application of plaintiff Redi Fresh

Produce, Inc. ("plaintiff"), for an Order to Show Cause with Temporary Restraining Order Without

Notice; and the Court having reviewed the Complaint, the Memorandum of Law, the Declaration of

Plaintiff's representative, and the Certification of Counsel submitted herewith; and for good cause

shown;

IT IS on this _____ day of January, 2014,

**ORDERED,** that the foregoing application be, and hereby is, **GRANTED**; and it is further

**ORDERED,** that the defendants, shall show cause before this Court on January ____, 2014

at _____ o'clock ___. m., or as soon thereafter as counsel can be heard, why the Court should not

issue an Order under Fed. R. Civ. P. 65(a) preliminary enjoining the defendants, their customers,

agents, officers, subsidiaries, assigns, and financial institutions, and factors from alienating,

dissipating, paying over, or assigning any assets of defendant Global Tropical Fresh Fruit, Corp.

("Global"), its subsidiaries or related companies, except for payment to plaintiff, and until further

order of this Court or until defendants pay plaintiff the aggregate principal amount of $349,920.00 by cashier's check or certified check ("the Preliminary Injunction Hearing"); and it is further

**ORDERED,** that plaintiff shall serve one copy each of this Order and the materials submitted in support thereof upon defendants by hand delivery or overnight delivery service delivered to defendants at c/o Global Tropical Fresh Fruit Corp., 91 Brooklyn Terminal Market, Brooklyn, NY 11236 on or before January __, 2014, and that such service shall effectuate service of process as to all defendants, and it is further

**ORDERED,** that defendants shall file and serve any papers in advance of the Preliminary Injunction Hearing by January ___, 2014; and it is further

**ORDERED,** that plaintiff shall file and serve any reply papers in advance of the Preliminary Injunction Hearing by January ___, 2014; and it is further

**ORDERED,** that, pending the Preliminary Injunction Hearing, defendants, their customers, agents, officers, subsidiaries, assigns, financial institution, and factors be, and hereby are, temporarily Restrained and enjoined, pursuant to Fed, R. Civ. P. 65(b), from alienating, dissipating, paying over or assigning any assets of Global, including without limitation its accounts receivable, and those of its subsidiaries or related companies, except for payment to plaintiff, and until further order of this Court or until defendants pay plaintiff the aggregate principle amount of $349,920.00, as set forth above, by cashiers' check or certified check; and it is further

**ORDERED,** that are defendants temporarily restrained from violating the provisions of the Perishable Agricultural Commodities Act 7 U.S.C. § 499e *et seq.* (hereinafter "PACA") and the regulations promulgated thereunder; and it is further

2

**ORDERED,** that if the defendants fail to pay plaintiff in full within three (3) business days from the date of entry of this order, the defendants must account to this Court and counsel for the plaintiff for the following items generated in defendants business, to wit: any and all perishable agricultural commodities, inventories of food or other products derived from such perishable agricultural commodities, and any and all receivables or proceeds from such commodities and food or other products, which in any way have been distributed or disposed of, directly or indirectly, in whole or in part, absolutely or as security on or after August 13, 2013 with a description of the property involved, the recipient, the date and the purpose of the distribution; and it is further

**ORDERED** that if the defendants fail to pay plaintiff in full within three (3) business days from the date of entry of this order, the defendants must deliver to plaintiff's counsel complete list of all accounts receivable of Global Tropical Fresh Fruit Corp., generated by its perishable agricultural commodities business with those receivables being collected by plaintiff's counsel and deposited in the "Global PACA Escrow Account," and it is further

**ORDERED,** that this Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order, and it is further

**ORDERED,** that no security or bond shall be required under Fed. R. Civ. P. 65(c) because it appears that defendants presently hold $349,920.00 worth of plaintiff's assets.

Dated: New York, New York
      January _____, 2014

_____
                 , U.S.D.J.

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Redi Fresh Produce, Inc., | ) | |
| | ) | |
| *Plaintiff,* | ) | **Case No.** |
| v. | ) | |
| | ) | |
| Global Tropical Fresh Fruit Corp., | ) | |
| and Harvey Ehrlich, | ) | |
| | ) | |
| *Defendants.* | ) | |

**ATTORNEY'S CERTIFICATION AS TO WHY NOTICE SHOULD
NOT BE REQUIRED PURSUANT TO F.R.C.P. 65(b)**

1.      The undersigned represents Redi Fresh Produce, Inc. ("Redi Fresh") in the above captioned action to enforce the trust provisions of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. § 499e, et. seq. ("PACA"), specifically, § 499e(c), against the defendants, Global Tropical Fresh Fruit Corp. ("Global") and Harvey Ehrlich ("Ehrlich"), (collectively referred to as the "defendants"). I have personal knowledge of the facts recited herein and respectfully submit this Certification pursuant Fed. R. Civ. P. 65(b) (2) in support of plaintiff's application for a temporary restraining order without notice.

2.      Among other facts, the complaint and declaration of plaintiff's representative submitted herewith establishes that:

- Plaintiff is a qualified trust creditor and beneficiary of defendants, and plaintiff timely preserved its PACA trust rights in the aggregate principle amount of $349,920.00 for produce sold to and accepted by defendants;

- Plaintiff has failed to pay plaintiff $349,920.00 for past due PACA trust debt;

- Defendants have admitted their PACA trust debt of $349,920.00 owed to plaintiff, and defendants have admitted that they are unable to pay promptly that debt; and

- Defendants have assets in the form of account receivable and operating stalls in the Brooklyn Terminal Market, among other possible assets, which are likely to be dissipated or transferred to third parties absent the requested relief.

3.      Declarant has been informed that the defendants have agreed to sell 6 stalls in the Brooklyn Terminal Market, all of which are PACA Trust assets, *i.e.* purchased with the proceeds from the sale of produce under the PACA. Absent a restraining order, defendants will have substantially dissipated all its trust assets without recourse to the plaintiff.

4.      Notice of plaintiff's application for a Temporary Restraining Order should not be required because it will afford the defendants an opportunity to dissipate the trust assets required by statute to be held for the benefit of plaintiff, who is a PACA trust beneficiary of the defendants.

5.      Defendants are under a statutory duty to promptly pay for the produce provided by the plaintiff from the statutory trust created under the PACA. Despite repeated demands, the defendants have failed to pay for $349,920.00 worth of PACA trust produce.

6.      Currently, the defendants are in control of the trust assets. Advising the defendants of the pendency of this application will allow them the opportunity to transfer trust assets and make unlawful payments with trust assets. Once the trust assets are dissipated, it may be impossible to recover them. H.R. Rep. No. 543, 98th. Cong.. 2d.Sess. 4 (1983), reprinted in U.S. Code & Admin. News 405, 411; see also, *J.R.Brooks & Son, Inc. v. Norman's Country Market, Inc.,* 98 B.R. 47 (Bankr. N.D.Fla. 1989).

2

7.    Entry of a Temporary Restraining Order without notice guarantees the performance of this statutory duty, maintains the *status quo*, and prevents any further dissipation pending a further hearing, which can be set as soon as possible. Providing advance notice to defendants of this application would unjustifiably enable defendants or their representatives to further dissipate PACA trust assets and would, therefore, irreparably injure plaintiff.

8.    Numerous federal district courts throughout the United States have issued temporary restraining orders without notice and preliminary injunctions requiring parties such as the defendants herein to set aside PACA trust funds pending final disposition of the case. In New York see, *e.g. Krisp-Pak Sales Corp.*, Case No.: 1:11-cv-05962-JGK; See also, *EXP Group, LLC v. Los Compadres Products Corp. and Josefa F. Peres*, Case No.:1:07-cv-09847-PAC; *Paul Steinberg Associates, Inc. et. al. v. Valdivia Produce Corp., d/b/a Hunts Point Tropical, et al*, Case No.: 1:11-cv-03066-SAS. Copies of these orders are attached as Exhibit **A**. See also *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F. at 140 "[O]nce the PACA trust is dissipated, it is almost impossible for a beneficiary to obtain recovery", thereby justifying a temporary restraining order; also *Inn Foods Inc. v. Turner Mead LLC*, No. Civ. A. 07-00649, 2007 U.S. Dist. (ND, Cal. Feb. 9, 2007) where ex parte injunction request granted to prevent further depletion of trust assets. "Upon showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets" *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154. 159 (11th Cir. 1990).

9.    No previous application for the relief herein has been made to this Court or any other court.

3

I declare the above statements to be true and correct under penalty of perjury as set forth in 28 U.S.C. §1746 and the law of the State of New York.

Dated:  January 13, 2014

Paul T. Gentile (PG-4037)

4

*kJ6c7C 5*

LEONARD KREINCES, ESQ. (LK/6524)
KREINCES & ROSENBERG, P.C.
Attorneys for Plaintiff
900 Merchants Concourse, Suite 305
Westbury, New York 11590
Telephone: (516) 227-6500
Facsimile: (516) 227-6594

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _8/26/2011_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRISP-PAK SALES CORP.,

                 Plaintiff,

    -against-

SOUTH SHORE PRODUCE DISTRIBUTORS,
INC., RICHARD GONZALEZ and DEBRA
GONZALEZ,

                 Defendants.

Case No.: _11 CIV 5961 (JGK)_

**ORDER TO SHOW CAUSE
WITH TEMPORARY
RESTRAINING ORDER**

UPON the annexed certification of John Garcia, dated August 4, 2011, with exhibits, the

certification of Leonard Kreinces, Esq. as to why notice should not be required pursuant to Fed. R.

Civ. P. 65(b), Complaint, and the accompanying Memorandum of Law, it is

ORDERED, that the defendants, SOUTH SHORE PRODUCE DISTRIBUTORS, INC.

("South Shore"), RICHARD GONZALEZ ("Richard") and DEBRA GONZALEZ ("Debra"), show

cause before the Honorable  John  Koeltl  United States District Judge, at the United

States Courthouse, 500 Pearl Street, Courtroom 12B , New York, New York 10007, on September

9 , 2011 at 12  o'clock a.m./p.m. or as soon thereafter as counsel can be heard, why a

preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure should not

1

issue enforcing the statutory trust under Section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(4), by enjoining the defendants, their agents, employees, successors, banking institutions, attorneys, and all other persons in active concert and participation with them from using PACA trust assets in their ordinary course of business, or otherwise dissipating trust assets, or making payment of any trust asset to any creditor, person or entity until further order of this Court or until the defendants pay $49,849.43, plus interest, costs, and attorneys fees to the plaintiff; and

IT APPEARING to the Court from the certification of John Garcia, that the defendants are about to commit the acts hereinafter specified and that they will do so unless restrained by order of this Court, and that immediate and irreparable injury, loss or damage will result to plaintiff before notice can be given and the defendants or their attorneys can be heard in opposition to the granting of a temporary restraining order, in that plaintiff and other PACA trust creditors will suffer immediate and irreparable injury in the form of a loss of trust assets; it is therefore

ORDERED, that defendants, South Shore,. Richard and Debra, their agents, officers, assigns, banking institutions and attorneys and all persons in active concert and participation with them be and they hereby are:

(i)     temporarily restrained from violating the provisions of the Perishable Agricultural Commodities Act 7 U.S.C. §499a et seq. (hereinafter °PACA") and the regulations promulgated thereunder; and

(ii)     temporarily restrained from, in any way, directly or indirectly, in whole or in part, absolutely or as security, paying, withdrawing, transferring, assigning or selling any and all existing PACA trust assets and/or otherwise disposing of company or personal assets to any creditors, persons or entitles until further order of this Court or until the defendants pay the plaintiff

the sum of $57,885.00 plus interest, costs, and attorneys fees, and

(iii)    ordered that if the defendants fail to pay plaintiff in full within three (3) business days from the date of service of this order on the defendants, the defendants must account to this Court and counsel for the plaintiff for the following items generated in defendants business, to wit: any and all perishable agricultural commodities, inventories of food or other products derived from such perishable agricultural commodities, and any and all receivables or proceeds from such commodities and food or other products, which in any way have been distributed or disposed of, directly or indirectly, in whole or in part, absolutely or as security on or after March 28, 2011 with a description of the property involved, the recipient, the date and the purpose of the distribution; and

(iv)    ordered that if the defendants fail to pay plaintiff in full within three (3) business days from the date of service of this order on the defendants, the defendants must account to this Court and counsel for the plaintiff for all assets in defendants' ownership, possession, custody and/or control, or in the possession, custody and/or control of entities controlled by defendants, including the date of acquisition and whether or not such assets or any interest therein derived from the proceeds of the sale of perishable agricultural commodities by South Shore, and, if not, the source of such assets; and

(v)    ordered to restore to the PACA trust any PACA trust assets derived directly or indirectly from South Shore's operations and received or transferred by them on or after March 28, 2011 which are lawfully obtainable by South Shore; and

(vi)    ordered to segregate and escrow all proceeds from the sale of perishable agricultural commodities in a trust account to be designated "South Shore Produce Distributors, Inc. PACA Escrow Account" with plaintiff's counsel, Kreinces & Rosenberg, P.C., as escrow agent,

3

depositing therein all cash assets of the PACA trust, no withdrawals to be made therefrom pending

further order of this Court; and

(vii) ordered that if the defendants fail to pay plaintiff in full within three (3)

business days from the date of service of this order on the defendants, the defendants must deliver

to plaintiff's counsel complete list of all accounts receivable of March 28, 2011, generated by its

perishable agricultural commodities business with those receivables being collected by defendants'

or plaintiff's counsel and deposited in the "South Shore Produce Distributors Inc. PACA Escrow

Account," and it is further

ORDERED, that this Order will be binding upon the parties to this action, their officers,

agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual

notice of this Order, and it is further

ORDERED, that this order will expire ten (10) days after entry unless within such time the

order for good cause shown is extended for a like period, or unless the defendants consent that it may

be extended for a longer period; and it is further

ORDERED, that the plaintiff shall not be required to post a bond hereunder, and it is further

ORDERED, that this order to show cause together with copies of the papers upon which it

was granted be served by overnight delivery, upon the defendants, South Shore, Richard and Debra,

or their attorneys on or before ~~September~~ August 26, 2011, before 5:00 p.m.; and it is further

ORDERED, that opposing papers shall be served so as to be received by plaintiff's counsel,

and courtesy copies received by the Court, by noon on September 6, 2011,

This Temporary Restraining Order is entered this 25 day of ~~September~~ August, 2011 at _____

a.m./p.m.

ORDERED, that reply papers shall be served so as to
be received by defendants' counsel, and courtesy copies received
by the Court, by 5pm on September 7, 2011

A hearing on plaintiff's motion for a preliminary injunction is scheduled for September 9, 2011

2010 at 12 a.m./p.m.

Date: August 25, 2011

AUG 25 2011

George B. Daniel

HON. GEORGE B. DANIELS

Z:\kreinces\WORK\HUNTSPOINT\Krisp-Pak\vs. South Shore Produce #11-3\\CSC.wpd

5

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

PAUL STEINBERG ASSOCIATES, INC. and     :
JERRY SHULMAN PRODUCE SHIPPER, INC.,     :
                                         :
                                         :
                                         :   Civil No. 11-cv-3066 (Sns)
                          Plaintiffs     :
                                         :
              v.                         :   **ORDER TO SHOW CAUSE**
                                         :   **WHY A PRELIMINARY**
VALDIVIA PRODUCE CORP., d/b/a            :   **INJUNCTION SHOULD NOT BE**
HUNTS POINT TROPICAL,                    :   **ISSUED UNDER RULE 65(b) OF**
NESSIM N. MARTINEZ and                   :   **FEDERAL RULES OF CIVIL**
SEYMOUR SRULOWITZ                        :   **PROCEDURE**
                                         :
                        Defendants       :

     Upon the annexed Declarations of Diane Shulman Rabin, the President of plaintiff Jerry

Shulman Produce Shipper, Inc., dated May 5, 2011 and Joan Brand, an employee of Plaintiff

Jerry Shulman Produce Shipper, Inc., dated May 5 2011, and the Attorney Certification Why

Notice Should Not Be Required Pursuant To Rule 65(b), and upon the copy of the complaint

hereto and pleadings in support, annexed, it is

     **ORDERED**, that the above-named Defendants show cause before a motion term of this

Court, at Room 15C, United States District Court for the Southern District of New York, 500

Pearl Street. New York, NY 10007-1312 on May 16, 2011 at 2:30 o'clock

p.m., as soon thereafter as counsel may be heard, why an order should not be issued pursuant to

Rule 65 of the Federal Rules of Civil Procedure enjoining the Defendants, their customers,

agents, officers, subsidiaries. assigns, and banking institutions, during the pendency of this action

from alienating, dissipating, paying over or assigning any assets of Valdivia Produce Corp., d/b/a

Hunts Point Tropical, or its subsidiaries or related companies, except for payment to Plaintiffs

until further order of this Court or until Defendants pay Plaintiffs the aggregate amount of

1

$124,354.50 by cashiers' check or certified check, at which time this Order is dissolved; and it is further

**ORDERED**, that, sufficient reason having been shown therefore, pending the hearing of Plaintiffs' application for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P., the Defendants, their customers, agents, officers, subsidiaries, assigns, and banking institutions are temporarily restrained and enjoined from alienating, dissipating, paying over or assigning any assets of Valdivia Produce Corp., d/b/a Hunts Point Tropical, or its subsidiaries or related companies, except for payment to Plaintiffs until further order of this Court or until Defendants pay Plaintiffs the aggregate amount of $124,354.50.00 by cashiers' check or certified check, at which time this Order is dissolved; and it is further

**ORDERED** that in the event Defendants fail to pay Plaintiffs the sum of $124,354.50 by cashiers or certified check within two (2) business days of service of this Order, then Defendants shall file with this Court with a copy to Plaintiffs' counsel an accounting which identifies the assets and liabilities and each of the accounts receivable of Valdivia Produce Corp., d/b/a Hunts Point Tropical signed under penalty of perjury; and that Defendants shall also supply to Plaintiffs' attorney, within five (5) days of the date of the Order, any and all documents in connection with Valdivia Produce Corp., d/b/a Hunts Point Tropical's assets and liabilities and related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns and bank statements with cancelled checks for the last 90 days; and it is further

**ORDERED** that bond shall be waived in view of the fact that Defendants now hold $124,354.50 worth of Plaintiffs' assets and is further

2

**ORDERED** that service of a copy of this order, together with papers upon which it is based, and summons and amended complaint by Federal Express overnight delivery service upon the Defendants or their counsel on or before _May 9_, 2011 at _5_ o'clock _p_.m., shall be deemed good and sufficient service thereof.

DATED: New York, New York

ISSUED: _May 6, 2011_

_____
United States District Judge

3

*Crotty*

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 0 8 2007

Gentile & Dickler, LLP (PTG4037)
Attorneys for Plaintiff
261 Madison Avenue
New York, NY 10016
(212) 619-2700

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

EXP GROUP, LLC.,

                 **Plaintiff,**

        v.

LOS COMPADRES PRODUCTS CORP.
and JOSEFA F. PEREZ,

                 **Defendant.**

Case No. 07 Civ 9847 *PAC*

**ORDER TO SHOW CAUSE**
**WITH TEMPORARY**
**RESTRAINING ORDER**

      **UPON** the annexed certification of Ralph Tejeda, with exhibits, the certification of Paul T. Gentile, Esq. as to why notice should not be required pursuant to Fed. R. Civ. P. 65(b), the complaint, and the accompanying memorandum of law, it is

      **ORDERED**, that the Defendants, Los Compadres Products Corp. and Josefa F. Perez, show cause before the Honorable _Paul A Crotty_ , United States District Judge, at the United States Courthouse, 200 Pearl Street, Courtroom _20C_, New York, New York 10007, on _Tuesday November 13_ , 2007 at _11_ o'clock _A._ m., or as soon thereafter as counsel can be heard, why a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure

should not issue enforcing the statutory trust under Section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(4), by enjoining the Defendants, their agents, employees, successors, banking institutions, attorneys, and all other persons in active concert and participation with them from using PACA trust assets in their ordinary course of business, or otherwise dissipating trust assets, or making payment of any trust asset to any creditor, person or entity until further order of this Court or until the Defendants pay $162,214.99, plus interest, costs, and attorneys fees to the plaintiff; and

IT APPEARING to the Court from the certification of Ralph Tejeda, that the Defendants are about to commit the acts hereinafter specified and that they will do so unless restrained by order of this Court, and that immediate and irreparable injury, loss or damage will result to plaintiff before notice can be given and the Defendants or their attorneys can be heard in opposition to the granting of a temporary restraining order, in that Plaintiff and other PACA trust creditors will suffer immediate and irreparable injury in the form of a loss of trust assets; it is therefore

ORDERED, that Defendants, Los Compadres Products Corp. and Josefa F. Perez, their agents, officers, assigns, banking institutions and attorneys and all persons in active concert and participation with them be and they hereby are

(i)     temporarily restrained from violating the provisions of the Perishable Agricultural Commodities Act 7 U.S.C. § 499a *et seq.* (hereinafter "PACA") and the regulations promulgated thereunder; and

2

(ii)    temporarily restrained from, in any way, directly or indirectly, in whole or in part, absolutely or as security, paying, withdrawing, transferring, assigning or selling any and all existing PACA trust assets and/or otherwise disposing of company or personal assets to any creditors, persons, or entities until further order of this Court or until the defendants pay the plaintiffs the sum of $162,214.99 plus interest, costs, and attorneys fees, and

(iii)    ordered that if the Defendants fail to pay Plaintiff in full within three (3) business days from the date of entry of this order, the defendants must account to this Court and counsel for the plaintiff for the following items generated in defendants business, to wit: any and all perishable agricultural commodities, inventories of food or other products derived from such perishable agricultural commodities, and any and all receivables or proceeds from such commodities and food or other products, which in any way have been distributed or disposed of, directly or indirectly, in whole or in part, absolutely or as security on or after June 4, 2007 with a description of the property involved, the recipient, the date and the purpose of the distribution; and

(iv)    ordered that if the Defendants fail to pay Plaintiff in full within three (3) business days from the date of entry of this order, the defendants must account to this Court and counsel for the plaintiff for

3

all assets in defendants' ownership, possession, custody and/or control, or in the possession, custody and/or control of entities controlled by defendants, including the date of acquisition and whether or not such assets or any interest therein derived from the proceeds of the sale of perishable agricultural commodities by Los Compadres Products Corp. and Josefa F. Perez, and, if not, the source of such assets; and

(v)     ordered to restore to the PACA trust any PACA trust assets derived directly or indirectly from EXP Group, LLC. operations and received or transferred by them on or after June 4, 2007; and

(vi)    ordered to segregate and escrow all proceeds from the sale of perishable agricultural commodities in a trust account to be designated "Los Compadres PACA Escrow Account" with plaintiff's counsel, Gentile & Dickler, LLP, as escrow agent, depositing therein all cash assets of the PACA trust, no withdrawals to be made therefrom pending further order of this Court; and

(vii)   ordered that if the Defendants fail to pay Plaintiff in full within three (3) business days from the date of entry of this order, the Defendants must deliver to Plaintiff's counsel complete list of all accounts receivable of Los Compadres Products Corp., generated by its perishable agricultural commodities business with those receivables

4

being collected by defendants' or plaintiff's counsel and deposited in

the "Los Compadres PACA Escrow Account," and it is further *ORDERED THAT*
*SECURITY IN THE AMT OF $_____ BE POSTED BY _____ OR 200?*

ORDERED, that this Order will be binding upon the parties to this action, their

officers, agents, servants, employees, banks, or attorneys and all other persons or

entities who receive actual notice of this Order, and it is further

ORDERED, that this order will expire ___/0___ days after entry unless within

such time the order for good cause shown is extended for a like period, or unless the

Defendants consent that it may be extended for a longer period; and it is further
*Ordered that in view of the returned checks from defendant and the fact that*
ORDERED, that the Plaintiff shall not be required to post a bond hereunder,

and it is further *plaintiff has not been paid no security will be required*

ORDERED, that this order to show cause together with copies of the papers

upon which it was granted be served upon the Defendants Los Compadres Products

Corp. and Josefa F. Perez, or their attorneys on or before *Friday, November 9, 2007*

*at 5AM*, 2007.

This Temporary Restraining Order is entered this ___*8th*___ day of

*November* 2007 at __2 p__.m.  A hearing on plaintiff's motion for a

preliminary injunction is scheduled for *Tuesday November 13*, 2007 at __11 A__.m.

Dated:     New York, New York
           November 8, 2007

                                        _____
                                              *Paul A. Crotty*
                                                      , U.S.D.J.

*ISSUED*: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Redi Fresh Produce, Inc., | ) | |
| | ) | Case No. |
| *Plaintiff,* | ) | |
| v. | ) | |
| | ) | |
| Global Tropical Fresh Fruit Corp., | ) | |
| and Harvey Ehrlich, | ) | |
| | ) | |
| *Defendants.* | ) | |

### DECLARATION IN SUPPORT OF ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER WITHOUT NOTICE AND PRELIMINARY INJUNCTION

**PETER MALO,** hereby declares pursuant to Section 1746 of Title 28 of the United States Code that:

1.      I am the owner of Redi Fresh Produce, Inc. ("Redi Fresh "), and I am fully familiar with and have personal knowledge of all of the facts set forth below; my knowledge is obtained through my official capacity as owner of Redi Fresh, and the books and records relating thereto in my files. If called upon as a witness, I could and would testify to all facts stated in this declaration.

2.      I make this affidavit in support of  Redi Fresh's application for a Temporary Restraining Order Without Notice and Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure against the defendants, Global Tropical Fresh Fruit Corp., (hereinafter referred to as "Global"), and Harvey Ehrlich (hereinafter referred to as "Ehrlich") (collectively referred to as the "defendants").  I am authorized by Redi Fresh to make this declaration.

3.      Redi Fresh seeks the entry of a temporary restraining order without notice and preliminary injunction against the defendants to preserve Redi Fresh's interest in the statutory trust created under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. § 499a *et*

*seq,* (hereinafter "the PACA"). All of the PACA trust assets are in the custody and control of the defendants.

**THE PARTIES:**

4.      The plaintiff is a New York corporation conducting business in the State of New York, with its principle place of business located at 48-02 25th Avenue, Suite 404, Astoria, NY 11103. Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable produce (hereinafter "produce") in interstate and foreign commerce. At all times pertinent herein, Plaintiff was and is now licensed under the PACA, license No.: 20011411.

5.      Defendant, Global Tropical Fresh Fruit Corp. ("Global"), is a New York corporation with a principle place of business at 91 Brooklyn Terminal Market, Brooklyn, New York 11236; and was at all times pertinent herein engaged in the business of buying and selling produce pursuant to the PACA, and was and is licensed under the PACA, license No.: 19930827.

6.      The defendant, Harvey Ehrlich ("Ehrlich"), is the sole principal, officer, director and shareholder of Global and a conscious moving force concerning the operations of that corporation and whose sole decision it was to determine to whom payments of invoice amounts would be made representing the sale of produce delivered to it as well as other payments to PACA beneficiaries, including but not limited to the plaintiff. The defendant, Ehrlich, directed all of the activities and operations of Global and exercises complete control of PACA assets belonging to plaintiff.

2

**ACCOUNT HISTORY:**

7. The plaintiff is an unpaid supplier and seller to the defendants of perishable agricultural commodities as those terms are defined in the PACA. The amount of PACA trust due to the plaintiff by the defendants is the sum of Three Hundred Forty Nine Thousand, Nine Hundred Twenty ($349,920.00) Dollars and No Cents, plus contractual prejudgment interest at 18% *per annum* and contractual attorney fees and costs.

8.          On or between August 13, 2013 and September 24, 2013, plaintiff sold and delivered to defendants 27 loads of produce in the amount of $349,920.00, all of which qualifies for PACA trust protection and enforcement as set forth in the invoices collectively attached hereto as Exhibit **A**.

9.          The plaintiff duly delivered the perishable agriculture commodities to defendants and defendants accepted the perishable agricultural commodities from plaintiff.

10.          At the times that the commodities were delivered, defendants, by their employees and agents, inspected and accepted the commodities tendered, exercised complete dominion and control over them, and has since disposed of them by resale or other means.

11.          Attached hereto as Exhibit **B** is a statement of the account that reflects all invoices, adjustments and payments resulting in a PACA trust amount due from Global to Redi Fresh of Three Hundred Forty Nine Thousand, Nine Hundred and Twenty ($349,920.00) Dollars and No Cents.

12.          Defendants have failed to pay for the purchased produce when payment was due despite plaintiff's repeated verbal and written demands and defendants presently owe plaintiff $349,920.00, pursuant to the trust provision of the PACA, plus contractual prejudgment interest at 18% *per annum* and contractual attorney fees and costs.

3

13.     At the time of receipt of the produce by the defendants, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of each defendant since the creation of the trust.

14.     Plaintiff preserved its interests in the PACA trust in the amount of $349,920.00 and remains a trust beneficiary until full payment is made for the produce.

15.     Defendants have acknowledged to plaintiff that Global owes to plaintiff the sum of $349,920.00, the same amount as claimed by plaintiff in this action before adding contractually agreed upon interest and attorney fees and costs.

16.     Defendants' books and records state that as of date of this declaration defendants owe plaintiff the sum of $349,920.00.

17.     The defendants are experiencing severe cash flow problems and are unable to pay plaintiff for the produce plaintiff supplied.

18.     The defendants' failure and inability to pay show that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiff and are dissipating the trust.

**PRESERVATION OF TRUST BENEFITS UNDER PACA:**

19.     Redi Fresh preserved its rights to the PACA statutory trust by including on each of its invoices to Global the trust preservation language required by the PACA (7 U.S.C. §499e(c)(4)).

20.     The Produce sold to Global included fresh produce and, accordingly, each of the sales are subject to the provisions of the PACA.

4

21.    Despite repeated demands, Global has not paid the invoices in accordance with the applicable payment terms and it is clear that Global does not have sufficient funds to fully satisfy Redi Fresh's PACA trust claim in full, as required by the PACA.

**EVIDENCE OF TRUST DISSIPATION:**

22.    Pursuant to the PACA, Global is required to hold in trust for the benefit of Redi Fresh all produce received, and all inventories of food or other products derived from said produce, and any receivables or proceeds from the sale of said produce in order to pay plaintiff.

23.    Global 's inability to make full and prompt payment due Redi Fresh in the amount of $349,920.00 is conclusive evidence that Global has failed to maintain the trust required under the PACA.

24.    Defendant Global's accounts payable exceed its account receivable by Two Million, Five Hundred Thousand ($2,500,000.00) Dollars.

25.    On information and belief, defendants are using trust assets to pay non-PACA creditors such as salaries to Ehrlich and employees, utilities, insurance and maintenance.

26.    Unless the assets of all defendants are immediately restrained, the trust assets will be further dissipated, and, as a result, Redi Fresh and other PACA creditors will suffer immediate and irreparable harm because their trust rights will not be enforceable and it will lose the trust assets that are owed.

27.    No prior application for the relief requested herein has been made to this or any other Court.

5

I declare the above statements to be true and correct under penalty of perjury as set forth in 28 U.S.C. §1746 and the law of the State of New York.

Dated this 7th Day of January, 2014

Redi Fresh Produce, Inc.

By: _____
Peter Malo, President

6

REDI FRESH PRODUCE INC

# Invoice

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|------|-----------|
| 8/13/2013 | B196 |

| Bill To: | Sold To: |
|----------|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 | Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|---------------|--------------|-------|----------|
| 07469 | TRLU1682617 | 8/13/2013 | Net 30 | 9/12/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA | 1,080 | 3.00 | 3,240.00 |
|  | OBL#SOPH021084207125 |  |  |  |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month  (18 percent annually)), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| Total | $3,240.00 |
|-------|-----------|
| Customer Total Balance | $349,920.00 |
| **Balance Due** | $3,240.00 |

Pay online at: https://ipn.intuit.com/rn6sdqjc

# REDI FRESH PRODUCE INC

# Invoice

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|------|-----------|
| 8/13/2013 | B197 |

| Bill To: | Sold To: |
|----------|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 | Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|---------------|--------------|-------|----------|
| 07470 | TRLU1695450 | 8/13/2013 | Net 30 | 9/12/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA | 1,080 | 14.00 | 15,120.00 |
| | OBL#SOPH021084207137 | | | |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month  (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| | |
|---|---|
| **Total** | $15,120.00 |
| **Customer Total Balance** | $368,280.00 |
| **Balance Due** | $15,120.00 |

# Invoice

REDI FRESH PRODUCE INC

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|------|-----------|
| 8/20/2013 | B210 |

| Bill To: | Sold To: |
|----------|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 | Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|---------------|--------------|-------|----------|
| 07524 | TRLU1695701 | 8/20/2013 | Net 30 | 9/19/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA<br><br>OBL#SOPH021084207138 | 1,080 | 14.00 | 15,120.00 |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| | |
|---|---|
| **Total** | $15,120.00 |
| **Customer Total Balance** | $368,280.00 |
| **Balance Due** | $15,120.00 |

# Invoice

**REDI FRESH PRODUCE INC**

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|------|-----------|
| 8/23/2013 | B212 |

| Bill To: | Sold To: |
|----------|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 | Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|---------------|--------------|-------|----------|
| 07526 | TRLU1677884 | 8/23/2013 | Net 30 | 9/22/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA<br><br>OBL#SOPH021084207101 | 1,080 | 14.00 | 15,120.00 |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| | |
|---|---|
| **Total** | $15,120.00 |
| **Customer Total Balance** | $368,280.00 |
| **Balance Due** | $15,120.00 |

# Invoice

**REDI FRESH PRODUCE INC**

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|------|-----------|
| 8/23/2013 | B213 |

| Bill To: |
|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Sold To: |
|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|---------------|--------------|-------|----------|
| 07527 | TRLU1679613 | 8/23/2013 | Net 30 | 9/22/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA<br><br>OBL#SOPH021084207109 | 1,080 | 14.00 | 15,120.00 |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| | |
|---|---|
| **Total** | $15,120.00 |
| **Customer Total Balance** | $368,280.00 |
| **Balance Due** | $15,120.00 |

REDI FRESH PRODUCE INC

# Invoice

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|------|-----------|
| 8/26/2013 | B211 |

| Bill To: | Sold To: |
|----------|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 | Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|---------------|--------------|-------|----------|
| 07525 | TRLU1697978 | 8/26/2013 | Net 30 | 9/25/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA<br><br>OBL#SOPH021084207142 | 1,080 | 14.00 | 15,120.00 |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| | |
|---|---|
| **Total** | $15,120.00 |
| **Customer Total Balance** | $368,280.00 |
| **Balance Due** | $15,120.00 |

REDI FRESH PRODUCE INC

# Invoice

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|------|-----------|
| 8/26/2013 | B214 |

| Bill To: | Sold To: |
|----------|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 | Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|---------------|--------------|-------|----------|
| 07528 | TRLU1682113 | 8/26/2013 | Net 30 | 9/25/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA | 1,080 | 14.00 | 15,120.00 |
|  | OBL#SOPH021084207124 |  |  |  |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| Total | $15,120.00 |
|-------|------------|
| Customer Total Balance | $368,280.00 |
| Balance Due | $15,120.00 |

# Invoice

**REDI FRESH PRODUCE INC**

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|------|-----------|
| 8/29/2013 | B224 |

| Bill To: |
|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Sold To: |
|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|---------------|--------------|-------|----------|
| 07564 | TRLU1682896 | 8/29/2013 | Net 30 | 9/28/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA<br><br>OBL#SOPH021084207127 | 1,080 | 13.00 | 14,040.00 |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| | |
|---|---|
| **Total** | $14,040.00 |
| **Customer Total Balance** | $368,280.00 |
| **Balance Due** | $14,040.00 |

REDI FRESH PRODUCE INC

# Invoice

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|---|---|
| 8/29/2013 | B225 |

| Bill To: | Sold To: |
|---|---|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 | Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|---|---|---|---|---|
| 07565 | TRLU1683188 | 8/29/2013 | Net 30 | 9/28/2013 |

| Item | Description | Qty | Rate | Amount |
|---|---|---|---|---|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA<br><br>OBL#SOPH021084207129 | 1,080 | 13.00 | 14,040.00 |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| Total | $14,040.00 |
|---|---|
| Customer Total Balance | $368,280.00 |
| Balance Due | $14,040.00 |

REDI FRESH PRODUCE INC

# Invoice

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|------|-----------|
| 8/30/2013 | B226 |

| Bill To: |
|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Sold To: |
|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|---------------|--------------|-------|----------|
| 07566 | TRLU1708584 | 8/30/2013 | Net 30 | 9/29/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA | 1,080 | 13.00 | 14,040.00 |
| | OBL#SOPH021084207159 | | | |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| | |
|---|---|
| **Total** | $14,040.00 |
| **Customer Total Balance** | $368,280.00 |
| **Balance Due** | $14,040.00 |

REDI FRESH PRODUCE INC

# Invoice

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|------|-----------|
| 8/30/2013 | B227 |

| Bill To: |
|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Sold To: |
|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|--------------|--------------|-------|----------|
| 07567 | TRLU1684409 | 8/30/2013 | Net 30 | 9/29/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA<br><br>OBL#SOPH021084207134 | 1,080 | 13.00 | 14,040.00 |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| | |
|---|---|
| **Total** | $14,040.00 |
| **Customer Total Balance** | $368,280.00 |
| **Balance Due** | $14,040.00 |

REDI FRESH PRODUCE INC

# Invoice

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|------|-----------|
| 9/3/2013 | B228 |

| Bill To: | Sold To: |
|----------|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 | Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|---------------|--------------|-------|----------|
| 07568 | TRLU1679568 | 9/3/2013 | Net 30 | 10/3/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA<br><br>OBL#SOPH021084207108 | 1,080 | 13.00 | 14,040.00 |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| | |
|---|---|
| **Total** | $14,040.00 |
| **Customer Total Balance** | $368,280.00 |
| **Balance Due** | $14,040.00 |

REDI FRESH PRODUCE INC

# Invoice

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|------|-----------|
| 9/4/2013 | B215 |

**Bill To:**

Global Tropical Fresh Fruit Corp.
91 Brooklyn Terminal Market
Brooklyn, NY 11236

**Sold To:**

Global Tropical Fresh Fruit Corp.
91 Brooklyn Terminal Market
Brooklyn, NY 11236

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|---------------|--------------|-------|----------|
| 07619 | TRLU1698790 | 9/4/2013 | Net 30 | 10/4/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA | 1,080 | 13.00 | 14,040.00 |
| | OBL#SOPH021084207144 | | | |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| | |
|---|---|
| **Total** | $14,040.00 |
| **Customer Total Balance** | $368,280.00 |
| **Balance Due** | $14,040.00 |

REDI FRESH PRODUCE INC

# Invoice

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|------|-----------|
| 9/5/2013 | B216 |

| Bill To: | Sold To: |
|----------|----------|
| Global Tropical Fresh Fruit Corp. | Global Tropical Fresh Fruit Corp. |
| 91 Brooklyn Terminal Market | 91 Brooklyn Terminal Market |
| Brooklyn, NY 11236 | Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|--------------|--------------|-------|----------|
| 07620 | TRLU1681992 | 9/5/2013 | Net 30 | 10/5/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA | 1,080 | 11.00 | 11,880.00 |
|  | OBL#SOPH021084207122 |  |  |  |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| Total | $11,880.00 |
|-------|-----------|
| Customer Total Balance | $349,920.00 |
| **Balance Due** | $11,880.00 |

Pay online at: https://ipn.intuit.com/kmwt5zc4

REDI FRESH PRODUCE INC

# Invoice

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|------|-----------|
| 9/6/2013 | B217 |

| Bill To: |
|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Sold To: |
|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|---------------|--------------|-------|----------|
| 07621 | TRLU1701390 | 9/6/2013 | Net 30 | 10/6/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA<br><br>OBL#SOPH021084207151 | 1,080 | 13.00 | 14,040.00 |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| | |
|---|---|
| **Total** | $14,040.00 |
| **Customer Total Balance** | $368,280.00 |
| **Balance Due** | $14,040.00 |

# Invoice

**REDI FRESH PRODUCE INC**

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|---|---|
| 9/9/2013 | B218 |

| Bill To: | Sold To: |
|---|---|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 | Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|---|---|---|---|---|
| 07622 | TRLU1679655 | 9/9/2013 | Net 30 | 10/9/2013 |

| Item | Description | Qty | Rate | Amount |
|---|---|---|---|---|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA<br><br>OBL#SOPH021084207110 | 1,080 | 13.00 | 14,040.00 |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| **Total** | $14,040.00 |
|---|---|
| **Customer Total Balance** | $368,280.00 |
| **Balance Due** | $14,040.00 |

# REDI FRESH PRODUCE INC

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

# Invoice

| Date | Invoice # |
|------|-----------|
| 9/10/2013 | B181 |

**Bill To:**

Global Tropical Fresh Fruit Corp.
91 Brooklyn Terminal Market
Brooklyn, NY 11236

**Sold To:**

Global Tropical Fresh Fruit Corp.
91 Brooklyn Terminal Market
Brooklyn, NY 11236

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|---------------|--------------|-------|----------|
| 07691 | TRLU1701300 | 9/10/2013 | Net 30 | 10/10/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAG | RICA CLUSTER BAG BANANA<br><br>OBL#SOPH021084207150 | 1,080 | 11.00 | 11,880.00 |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month  (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| | |
|---|---|
| **Total** | $11,880.00 |
| **Customer Total Balance** | $368,280.00 |
| **Balance Due** | $11,880.00 |

REDI FRESH PRODUCE INC

# Invoice

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|------|-----------|
| 9/11/2013 | B219 |

| Bill To: |
|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Sold To: |
|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|---------------|--------------|-------|----------|
| 07623 | TRLU1678258 | 9/11/2013 | Net 30 | 10/11/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA | 1,080 | 13.00 | 14,040.00 |
| | OBL#SOPH021084207105 | | | |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| **Total** | $14,040.00 |
|-----------|-----------|
| **Customer Total Balance** | $368,280.00 |
| **Balance Due** | $14,040.00 |

# Invoice

REDI FRESH PRODUCE INC

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|------|-----------|
| 9/12/2013 | B243 |

| Bill To: | Sold To: |
|----------|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 | Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|---------------|--------------|-------|----------|
| 07686 | TRLU1700916 | 9/12/2013 | Net 30 | 10/12/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA<br><br>OBL#SOPH021087200124 | 1,080 | 9.00 | 9,720.00 |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| | |
|---|---|
| Total | $9,720.00 |
| Customer Total Balance | $349,920.00 |
| Balance Due | $9,720.00 |

Pay online at: https://ipn.intuit.com/h5nvcbtt

REDI FRESH PRODUCE INC

# Invoice

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|------|-----------|
| 9/12/2013 | B245 |

| Bill To: | Sold To: |
|----------|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 | Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|---------------|--------------|-------|----------|
| 07688 | TRLU1683866 | 9/12/2013 | Net 30 | 10/12/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA<br><br>OBL#SOPH021087200116 | 1,080 | 13.00 | 14,040.00 |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| **Total** | $14,040.00 |
|-----------|-----------|
| **Customer Total Balance** | $368,280.00 |
| **Balance Due** | $14,040.00 |

# Invoice

**REDI FRESH PRODUCE INC**

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|------|-----------|
| 9/13/2013 | B244 |

| Bill To: | Sold To: |
|----------|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 | Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|---------------|--------------|-------|----------|
| 07687 | TRLU1680907 | 9/13/2013 | Net 30 | 10/13/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA<br><br>OBL#SOPH021087200106 | 1,080 | 13.00 | 14,040.00 |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month  (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| | |
|---|---|
| **Total** | $14,040.00 |
| **Customer Total Balance** | $368,280.00 |
| **Balance Due** | $14,040.00 |

REDI FRESH PRODUCE INC

# Invoice

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|------|-----------|
| 9/18/2013 | B241 |

| Bill To: | Sold To: |
|----------|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 | Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|---------------|--------------|-------|----------|
| 07733 | TRLU1682854 | 9/18/2013 | Net 30 | 10/18/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA<br><br>OBL#SOPH021087200112 | 1,080 | 11.50 | 12,420.00 |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| | |
|---|---|
| **Total** | $12,420.00 |
| **Customer Total Balance** | $368,280.00 |
| **Balance Due** | $12,420.00 |

**REDI FRESH PRODUCE INC**

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

# Invoice

| Date | Invoice # |
|------|-----------|
| 9/19/2013 | B242 |

**Bill To:**

Global Tropical Fresh Fruit Corp.
91 Brooklyn Terminal Market
Brooklyn, NY 11236

**Sold To:**

Global Tropical Fresh Fruit Corp.
91 Brooklyn Terminal Market
Brooklyn, NY 11236

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|---------------|--------------|-------|----------|
| 07734 | TRLU1680949 | 9/19/2013 | Net 30 | 10/19/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA<br><br>OBL#SOPH021087200107 | 1,080 | 11.50 | 12,420.00 |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month  (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| | |
|---|---|
| **Total** | $12,420.00 |
| **Customer Total Balance** | $368,280.00 |
| **Balance Due** | $12,420.00 |

# REDI FRESH PRODUCE INC

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

# Invoice

| Date | Invoice # |
|------|-----------|
| 9/20/2013 | B240 |

| Bill To: | Sold To: |
|----------|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 | Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|---------------|--------------|-------|----------|
| 07732 | TRLU1698660 | 9/20/2013 | Net 30 | 10/20/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA<br><br>SOPH021087200121 | 1,080 | 11.50 | 12,420.00 |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| | |
|---|---|
| **Total** | $12,420.00 |
| **Customer Total Balance** | $368,280.00 |
| **Balance Due** | $12,420.00 |

REDI FRESH PRODUCE INC

# Invoice

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|------|-----------|
| 9/23/2013 | B247 |

| Bill To: |
|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Sold To: |
|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|---------------|--------------|-------|----------|
| 07736 | TRLU1708917 | 9/23/2013 | Net 30 | 10/23/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA | 1,080 | 9.50 | 10,260.00 |
|  | OBL#SOPH021087200131 |  |  |  |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| | |
|---|---|
| **Total** | $10,260.00 |
| **Customer Total Balance** | $368,280.00 |
| **Balance Due** | $10,260.00 |

REDI FRESH PRODUCE,INC

# Invoice

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|------|-----------|
| 9/24/2013 | B246 |

| Bill To: | Sold To: |
|----------|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 | Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|---------------|--------------|-------|----------|
| 07735 | TRLU1679254 | 9/24/2013 | Net 30 | 10/24/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA<br><br>OBL#SOPH021087200104 | 1,080 | 9.50 | 10,260.00 |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| | |
|--|--|
| **Total** | $10,260.00 |
| **Customer Total Balance** | $368,280.00 |
| **Balance Due** | $10,260.00 |

REDI FRESH PRODUCE INC

# Invoice

48-02 25th Ave suite 404
Astoria New York
Ph :718-274-2100
Fax:718-274-0697

| Date | Invoice # |
|------|-----------|
| 9/24/2013 | B248 |

| Bill To: | Sold To: |
|----------|----------|
| Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 | Global Tropical Fresh Fruit Corp.<br>91 Brooklyn Terminal Market<br>Brooklyn, NY 11236 |

| Customer Ref No. | Container No. | Pick Up Date | Terms | Due Date |
|------------------|---------------|--------------|-------|----------|
| 07737 | TRLU1680384 | 9/24/2013 | Net 30 | 10/24/2013 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| CLUSTER BAGS | BONITA CLUSTER BAG BANANA<br><br>OBL#SOPH021087200105 | 1,080 | 9.50 | 10,260.00 |

"The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the perishable Agricultural Commodities Act, 1930 (7 U.S. C 499e©). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. A Finance charge calculated at the rate of 1.5 percent month (18 percent annually), or at the highest rate permitted by law, will be applied to all past dues accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

| Total | $10,260.00 |
|-------|-----------|
| **Customer Total Balance** | $368,280.00 |
| **Balance Due** | $10,260.00 |

| Type | Date | Num | Memo | Due Date | Aging | Open Balance | Amount |
|------|------|-----|------|----------|-------|--------------|--------|
| Invoice | 08/13/2013 | B196 | TRLU1682617 | 09/12/2013 | 109 | 3,240.00 | 3,240.00 |
| Invoice | 08/13/2013 | B197 | TRLU1695450 | 09/12/2013 | 109 | 15,120.00 | 15,120.00 |
| Invoice | 08/20/2013 | 3210 | TRLU1695701 | 09/19/2013 | 102 | 15,120.00 | 15,120.00 |
| Invoice | 08/23/2013 | B212 | TRLU1677884 | 09/22/2013 | 99 | 15,120.00 | 15,120.00 |
| Invoice | 08/23/2013 | B213 | TRLU1679613 | 09/22/2013 | 99 | 15,120.00 | 15,120.00 |
| Invoice | 08/26/2013 | B211 | TRLU1697978 | 09/25/2013 | 96 | 15,120.00 | 15,120.00 |
| Invoice | 08/26/2013 | B214 | TRLU1682113 | 09/25/2013 | 96 | 15,120.00 | 15,120.00 |
| Invoice | 08/28/2013 | B224 | TRLU1682896 | 09/28/2013 | 93 | 14,040.00 | 14,040.00 |
| Invoice | 08/28/2013 | B225 | TRLU1683188 | 09/28/2013 | 93 | 14,040.00 | 14,040.00 |
| Invoice | 08/30/2013 | B226 | TRLU1708584 | 09/29/2013 | 92 | 14,040.00 | 14,040.00 |
| Invoice | 08/30/2013 | B227 | TRLU1684409 | 09/29/2013 | 92 | 14,040.00 | 14,040.00 |
| Invoice | 09/03/2013 | B228 | TRLU1679568 | 10/03/2013 | 88 | 14,040.00 | 14,040.00 |
| Invoice | 09/04/2013 | B215 | TRLU1698790 | 10/04/2013 | 87 | 14,040.00 | 14,040.00 |
| Invoice | 09/05/2013 | B216 | TRLU1681992 | 10/05/2013 | 86 | 11,880.00 | 11,880.00 |
| Invoice | 09/06/2013 | B217 | TRLU1701390 | 10/06/2013 | 85 | 14,040.00 | 14,040.00 |
| Invoice | 09/09/2013 | B218 | TRLU1679655 | 10/09/2013 | 82 | 14,040.00 | 14,040.00 |
| Invoice | 09/10/2013 | B181 | TRLU1701300 | 10/10/2013 | 81 | 11,880.00 | 11,880.00 |
| Invoice | 09/11/2013 | B219 | TRLU1678258 | 10/11/2013 | 80 | 14,040.00 | 14,040.00 |
| Invoice | 09/12/2013 | B243 | TRLU1700916 | 10/12/2013 | 79 | 9,720.00 | 9,720.00 |
| Invoice | 09/12/2013 | B245 | TRLU1683866 | 10/12/2013 | 79 | 14,040.00 | 14,040.00 |
| Invoice | 09/13/2013 | B244 | TRLU1680907 | 10/13/2013 | 78 | 14,040.00 | 14,040.00 |
| Invoice | 09/18/2013 | B241 | TRLU1682854 | 10/18/2013 | 73 | 12,420.00 | 12,420.00 |
| Invoice | 09/19/2013 | B242 | TRLU1680949 | 10/19/2013 | 72 | 12,420.00 | 12,420.00 |
| Invoice | 09/20/2013 | B240 | TRLU1698660 | 10/20/2013 | 71 | 12,420.00 | 12,420.00 |
| Invoice | 09/23/2013 | B247 | TRLU1708917 | 10/23/2013 | 68 | 10,260.00 | 10,260.00 |
| Invoice | 09/24/2013 | B246 | TRLU1679254 | 10/24/2013 | 67 | 10,260.00 | 10,260.00 |
| Invoice | 09/24/2013 | B248 | TRLU1680384 | 10/24/2013 | 67 | 10,260.00 | 10,260.00 |
| | | | | | | 349,920.00 | 349,920.00 |
| | | | | | | 349,920.00 | 349,920.00 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Redi Fresh Produce, Inc., | ) | |
| *Plaintiff,* | ) | |
| | ) | **Civil Action No.** |
| v. | ) | |
| | ) | |
| Global Tropical Fresh Fruit Corp., | ) | |
| and Harvey Ehrlich, | ) | |
| *Defendants.* | ) | |

## COMPLAINT
### (To Enforce Payment from PACA Trust)

Plaintiff, Redi Fresh Produce, Inc., ("plaintiff"), by and through its attorney, Paul T.

Gentile of Paul T. Gentile P.C., as for its complaint against defendants, alleges:

### JURISDICTION & VENUE

1.    Jurisdiction in based on Section 5(c)(5) of Perishable Agricultural Commodities Act,

7 U.S.C. § 499e(c)(4), (hereinafter "the PACA"), 28 U.S.C. §1331 and U.S.C. §1332.

2.    Venue in this District is based on 28 U.S.C. § 1391 in that the events constituting the

claims arose in this District and defendants have their principal place of business in this District.

### PARTIES

3.    The plaintiff is a New York corporation conducting business in the State of New

York, with its principle place of business located at 48-02 25th Avenue, Suite 404, Astoria, NY

11103. Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable

produce (hereinafter "produce") in interstate and foreign commerce. At all times pertinent herein,

plaintiff was and is now licensed under the PACA, license No.: 20011411.

4.    Defendant, Global Tropical Fresh Fruit Corp. ("Global"), is a New York corporation

with a principle place of business at 91 Brooklyn Terminal Market, Brooklyn, New York 11236; and

was at all times pertinent herein engaged in the business of buying and selling produce pursuant to the PACA, and was and is licensed under the PACA, license No.: 19930827.

5.     The defendant, Harvey Ehrlich ("Ehrlich"), is the sole principal, officer, director and shareholder of Global and a conscious moving force concerning the operations of that corporation and whose sole decision it was to determine to whom payments of invoice amounts would be made representing the sale of produce as well as other payments to PACA beneficiaries, including but not limited to the plaintiff. The defendant, Ehrlich, directs all of the activities and operations of Global and controls the PACA assets belonging to plaintiff.

## BACKGROUND

6.     This action is brought to enforce the trust provisions of P.L. 98-273, the amendment to Section 5 of the PACA , 7 U.S.C. §499(c), *et seq.*

7.     The plaintiff is an unpaid supplier and seller to the defendants of perishable agricultural commodities as those terms are defined in the PACA. The amount of PACA trust due to the plaintiff by the defendants is the sum of Three Hundred Forty Nine Thousand, Nine Hundred and Twenty Dollars ($349,920.00), plus contractual prejudgment interest at 18% *per annum* and contractual attorney fees and costs.

8.     On or between August 13, 2013 and September 24, 2013, plaintiff sold and delivered to defendants 27 loads of produce in the amount of $349,920.00, all of which qualifies for PACA trust protection and enforcement.

9.     The plaintiff duly delivered the perishable agricultural commodities to defendants and defendants accepted the perishable agricultural commodities from plaintiff.

10.     At the times that the commodities were delivered, defendants, by their employees and

2

agents, inspected and accepted the commodities tendered, exercised complete dominion and control over them, and has since disposed of them by resale or other means.

11.     Defendants have failed to pay for the purchased produce when payment was due despite plaintiff's repeated demands, and defendants presently owe plaintiff $349,920.00, pursuant to the trust provision of the PACA, plus contractual prejudgment interest at 18% *per annum* and contractual attorney fees and costs.

12.     At the time of receipt of the produce by the defendants, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of each defendant since the creation of the trust.

13.     Plaintiff preserved its interests in the PACA trust in the amount of $349,920.00 and remains a trust beneficiary until full payment is made for the produce.

14.     Defendants have acknowledged and do not dispute that defendants owe to plaintiff the sum of $349,920.00, the amount claimed in this action before contractually agreed upon interest and attorney fees and costs.

15.     On December 11, 2013 defendants, through the sworn testimony of Harvey Ehrlich admitted that defendants were unable to pay plaintiff for the amount defendants owed to plaintiff.

16.     The defendants are experiencing severe cash flow problems and are unable to pay plaintiff for the produce plaintiff supplied.

17.     The defendants' failure and inability to pay show that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiff and are dissipating the trust.

3

18.     Defendants do not dispute that defendant Global owes to plaintiff Three Hundred Forty Nine Thousand, Nine Hundred and Twenty Dollars ($349,920.00) in unpaid PACA trust debt.

## COUNT I
### *Against the Corporate Defendant Global*
### (Failure to Pay Trust Funds Under PACA)

19.     Plaintiff repeats each of the foregoing paragraphs as if fully set forth herein, and further states:

20.     Pursuant to the trust provisions of PACA, 7 U.S.C. Section 499e(c)(2), and the regulations promulgated thereunder, upon receipt of said commodities, a statutory trust arose in favor of plaintiff as to all commodities received by defendants, all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities, until full payment is made for said commodities by defendant Global to plaintiff.

21.     Defendant Global has failed and refused to pay for the commodities it received from plaintiff despite repeated demands.

22.     Subsequent to said sales and deliveries to defendant Global, plaintiff invoiced defendants for the agreed prices on each shipment, and sent such invoices to defendant Global which contained the specific notice authorized by the PACA (7 U.S.C. § 499e(c)(4)), to preserve plaintiff's rights under the PACA statutory trust.

23.     After agreed upon adjustments, said invoices were retained by defendants without exception or protest.

24.     Plaintiff is an unpaid creditor, supplier and seller of perishable agricultural commodities as those terms are defined under the PACA.

4

25.     The failure of defendant Global to hold in trust for the benefit of plaintiff such perishable agricultural commodities received by it from plaintiff, all inventories of produce or other products derived from said commodities, and any receivables or proceeds from the sale of said commodities, until full payment of the sums owing to plaintiff for said commodities, constitute violations of Sections 2 & 5 of the PACA (7 U.S.C. §§ 499b and 499e) and PACA regulations.

26.     As a result of the aforesaid violations, plaintiff has suffered damages in the principal PACA trust amount of $349,920.00, plus contractual agreed upon prejudgment interest, together with contractually agreed upon attorney fees and costs in accordance with the terms set forth on plaintiff's invoices.

## COUNT II
### *Against the Corporate Defendant Global*
### (Unlawful Dissipation of Trust Assets)

27.     Plaintiff repeats each of the foregoing paragraphs as if fully set forth herein, and further states:

28.     Upon information and belief, proceeds obtained from the resale of the perishable agricultural commodities purchased from plaintiff by defendant Global that were needed to make full payment promptly to the trust beneficiary as required by the PACA (7 U.S.C. §499b), were improperly expended for other purposes.

29.     Plaintiff's invoices all contained the notice authorized by the PACA (7 U.S.C. §499e(c)(4)), to preserve plaintiff's rights under the PACA statutory trust.

30.     Upon information and belief, defendant Global received funds subject to the trust arising under the PACA (7 U.S.C. Section 499(c)), which should have been used to pay plaintiff's invoices.

5

31.    As a result of the dissipation of trust assets by the defendant Global, plaintiff has suffered damages in the principal PACA trust amount of $349,920.00, plus contractually agreed upon prejudgment interest, together with contractually agreed upon attorneys fees and costs in accordance with the terms set forth on plaintiff's invoices.

## COUNT III
### *Against the Corporate Defendant Global*
### (Breach of Fiduciary Duty)

32.    Plaintiff repeats each of the foregoing paragraphs as if fully set forth herein, and further states:

33.    Defendant Global has failed and refuses to pay plaintiff amounts from the trust owed to plaintiff for the perishable agricultural commodities received by defendant Global from plaintiff.

34.    The failure of defendant Global to make said payment to plaintiff from the statutory trust fund is a violation of the PACA and the PACA regulations and is a breach of defendant Global's fiduciary duty as trustee.

35.    As a result of the dissipation of trust assets by the defendant Global, plaintiff has suffered damages in the principal PACA trust amount of $349,920.00, plus contractually agreed upon prejudgment interest, together with contractually agreed upon attorneys fees and costs in accordance with the terms set forth on plaintiff's invoices.

## COUNT IV
### *Against the Individual Defendant Harvey Ehrlich*
### (Breach of Fiduciary Duty/Conversion)

36.    Plaintiff repeats each of the foregoing paragraphs as if fully set forth herein, and further states.

6

37.     Pursuant to the PACA and the statutory trust contained therein, Global was, and still is, the statutory trustee for the benefit of plaintiff with respect to the assets constituting the trust *res.*

38.     Defendant, Harvey Ehrlich ("Ehrlich"), was the sole officer, director and stockholder of Global during the time Global's indebtedness to plaintiff were incurred, and exercised sole operational control over the corporation, including its management, sales, investments and payment practices.

39.     Defendant Ehrlich was at all times under a fiduciary obligation to protect the assets of Global from dissipation, including and especially the trust *res* being held by Global for the benefit of plaintiff, and was responsible for causing Global to fulfill its obligations to plaintiff in accordance with the PACA and the contracts of sale.

40.     Defendant Ehrlich, in breach of his duty under the PACA and the PACA trust, has failed to maintain plaintiff's assets in the manner required by the PACA, and has knowingly diverted and/or converted plaintiff's assets, including the PACA trust *res*, to his own use.

41.     Due to the aforesaid violation of his fiduciary obligations as the sole controlling person of Global, his operation of said corporation in violation of law, his conversion and misappropriation of plaintiff's assets in violation of the PACA, Defendant Ehrlich has caused Global to violate its express and implied obligations under the PACA trust.

42.     Due to his acts and omissions in operating Global, defendant Ehrlich is liable to plaintiff for any and all sums which plaintiff is unable to recover from the assets of Global, including costs and reasonable attorney fees in this action and any further actions or proceedings which may be instituted.

43.     As a result of the dissipation of trust assets by the defendant Global, caused by

defendant Ehrlich, plaintiff has suffered damages in the principal PACA trust amount of $349,920.00, plus contractually agreed upon prejudgment interest, together with contractually agreed upon attorneys fees and costs in accordance with the terms set forth on plaintiff's invoices.

## COUNT V
### *Against the Individual Defendant Harvey Ehrlich*
### (Dissipation of Trust Assets)

44. Plaintiff repeats each of the foregoing paragraphs as if fully set forth herein, and further states:

45. Pursuant to the PACA and the statutory trust contained therein, the defendant Global was, as the named purchaser of plaintiff's commodities, the statutory trustee for the benefit of plaintiff with respect to the assets it derived from its operation in the produce business including, but not limited to, the commodities delivered to, and received and accepted by Global.

46. On information and belief, defendant Ehrlich has engaged in unsound conduct and business practices in the management, control and operation of Global.

47. On information and belief, defendant Ehrlich, individually and in concert with others, has commingled the assets of Global with his own assets and/or has paid such assets to persons or entities not entitled to protection as beneficiaries under the PACA trust, all in further violation of his fiduciary duties.

48. Any and all of defendant Ehrlich' assets and property into which said defendant Ehrlich has commingled any portion of the PACA trust *res* held by Global and controlled by defendant Ehrlich, comprises a resultant or substituted trust *res* held by defendant Ehrlich for the benefit of plaintiff.

8

49.     Due to his dissipation of PACA trust assets, defendant Ehrlich has damaged plaintiff in the PACA trust amount of $349,920.00 plus contractually agreed upon prejudgment interest, together with contractually agreed upon attorneys fees and costs in accordance with the terms set forth on plaintiff's invoices.

### COUNT VI
*Against the Corporate Defendant Global*
**(Action for Breach of Contract)**

50.     Plaintiff repeats each of the foregoing paragraphs as if fully set forth herein, and further states:

51.     Global contracted with plaintiff to purchase perishable agricultural commodities on account in the amount of $349,920.00.

52.     Pursuant to the payment terms between the parties, Global is in default to plaintiff on total contractual amounts unpaid and outstanding.

53.     By failing and refusing to pay plaintiff its contractually outstanding balance of $349,920.00, Global is in breach of its contract with plaintiff.

54.     As a result, plaintiff has suffered damages in the principal contractual amount of $349,920.00, plus contractually agreed upon prejudgment interest, together with contractually agreed upon attorneys fees and costs in accordance with the terms set forth on plaintiff's invoices.

### COUNT VII
*Against the Corporate Defendant Global*
**(Action on Account Stated)**

55.     Plaintiff repeats each of the foregoing paragraphs as if fully set forth herein, and further states:

9

56.     Plaintiff duly rendered invoices and periodic statements of account to Global, which were received in the ordinary course of business.

57.     After agreed upon adjustments, Global never objected or protested any of the invoices or statements or any of the items contained therein, as was its duty and obligation if any error existed.

58.     By virtue of the above, an account has been taken between plaintiff and Global, whereby Global has admitted and acknowledged the invoices and statements as accurate and correct in all respects.

59.     Defendant Global is liable to plaintiff for damages on an account stated in the principal amount of $349,920.00 plus contractually agreed upon prejudgment interest, together with contractually agreed upon attorneys fees and costs in accordance with the terms set forth on plaintiff's invoices.

## COUNT VIII
### (Interest, Attorneys Fees and Costs)

60.     Plaintiff repeats each of the foregoing paragraphs as if fully set forth herein, and further states:

61.     As a result of Global's failure to make full payment of the PACA trust amount due, plaintiff has been required to pay attorney's fees and costs in order to bring this action to compel payment of amounts due as set forth in the complaint.

62.     As a result of Global's failure to make full payment of the amounts due plaintiff, plaintiff has lost use of said money.

63.     All invoices delivered by plaintiff to defendant for PACA trust debt contain the following language:

10

"A finance charge of 1.5% per month (18 annually) will be added to all past due accounts. In addition, should any action be commenced between the parties to this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award for the actual attorney's fees and costs in the bringing the action and/or enforcing any judgment granted in the action."

64.   As a result of defendants' contractual obligation to pay interest and attorneys fees in connection with the amounts due, defendants are obligated to pay to plaintiff reasonable attorney fees and prejudgment interest at the rate of 18% per annum calculated 30 days from the date payment was due until judgment.

**WHEREFORE**, Plaintiff respectfully requests an Order and Judgment as follows:

A.   On Counts I, II and III of the complaint against the corporate defendant Global:

(i)   Declaring that Global has violated the PACA statute and regulations;

(ii)   Enjoining defendant Global, and its agents, employees and representatives from in any way, directly or indirectly, transferring, assigning or otherwise disposing of the above-described trust funds, or any interest therein, in whole or in part, absolutely or as security, until the entry of the relief requested herein and compliance therewith;

(iii)   Declaring and directing defendant Global, to establish and/or preserve a trust fund consisting of funds sufficient to pay plaintiff's trust claim in the principal amount of $349,920.00, plus contractual prejudgment interest, fees and costs, including contractual reasonable attorneys, for the sole and exclusive benefit of plaintiff;

(iv)   Declaring and directing defendant, Global, to assign, transfer, deliver and turn over to plaintiff as much of the above described trust fund as is necessary to fully compensate plaintiff for the damages it has suffered and continues to suffer, including the principal amount of $349,920.00, plus contractual prejudgment interest, fees and costs, including contractual reasonable attorneys, for

11

the sole and exclusive benefit of plaintiff;

(v)    Entry of judgment in the amount of $349,920.00, plus contractual prejudgment interest, fees and costs, including contractual reasonable attorneys fees, and any further relief that may be just and proper;

B.    On Counts VI and VII of the complaint against defendant Global, judgment in the amount of $349,920.00, plus contractual prejudgment interest, together with fees and costs, including contractual reasonable attorneys fees, and any further relief that may be just and proper;

C.    On Counts IV and V of the complaint against the individual defendant Harvey Ehrlich, judgment in the amount of $349,920.00, plus contractual prejudgment interest, together with fees and costs, including contractual reasonable attorneys fees, and any further relief that may be just and proper;

G.    On Counts I through V a declaratory judgment declaring and directing defendants, Global and Ehrlich, to immediately account to plaintiff for any and all perishable agricultural commodities derived from the corporate defendants transactions, inventories of produce or other products derived from such perishable agricultural commodities and any and all receivables or proceeds from the sale of such commodities and produce or other products, in any way having been distributed or disposed of, directly or indirectly, in whole or in part, absolutely or as security after August 13, 2013, describing the property involved, the recipient, date and purpose of distribution;

H.    On Counts I through V a declaratory judgment declaring and directing defendants, Global and Ehrlich, to segregate and escrow all direct or indirect proceeds from the sale any and all perishable agricultural commodities of defendant Global, in a trust account with plaintiff's counsel as escrow agent with no withdrawals to be made therefrom without further order of the Court;

   I.  On Count VIII of the first amended complaint, granting plaintiff contractually agreed

upon reasonable attorneys' fees, interest and costs, together with such other relief as this Court deems

just and proper.

Dated: January 13, 2014

Paul T. Gentile (PG-4037)
Paul T. Gentile P.C.
*Attorney for Plaintiff*
260 Madison Avenue, 15th Floor
New York, NY 10016
ptgentile@gmail.com
Tel: (212) 619-2700