

Anthony M. Rainone
Direct Dial: 973-364-8372
Direct Fax: 973-618-5972
E-mail: arainone@bracheichler.com

January 29, 2014

**VIA ECF**

Honorable Roanne L. Mann, U.S.M.J.
U.S. District Court for the Eastern District of
New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    Redi Fresh Produce, Inc. v. Global Tropical Fresh Fruit
              Corp. and Harbey Ehrlich
              Case No. 1:14-cv-340-KAM-RLM

Dear Magistrate Judge Mann:

        This firm represents proposed Intervening Plaintiff Global Tropical Fruits, LLC ("Intervening Plaintiff"). Pursuant to Your Honor's Local Civil Rule III(A), Intervening Plaintiff submits this pre-motion letter request for permission to file a motion to intervene in the above referenced civil lawsuit pursuant to Fed. R. Civ. P. 24. Prior to submitting this letter, I personally conferred by phone and email with respective counsel for Plaintiff Redi Fresh Produce, Inc. and Defendants Global Tropical Fresh Fruit Corp. and Harvey Ehrlich. Plaintiff consents to this motion to intervene. Defendants do not consent.

        Plaintiff's lawsuit involves claims by a trust beneficiary under the federal Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499(c), *et seq*. ("PACA"). Parties similar to Plaintiff are typically referred to in these type cases as "PACA creditors." The proposed Intervening Plaintiff is also a PACA creditor and seeks to intervene in the pending lawsuit to protect its federal right to share, *pro rata*, in the proceeds of any PACA trust assets this court may ultimately rule exist. Intervening Plaintiff's PACA claim at this time, before attorneys' fees and expenses that are also part of the PACA claim, is approximately $100,000.00.

        Failure to allow Intervening Plaintiff to join this matter will result in a second lawsuit, involving the same PACA trust assets, being filed and will risk inconsistent results from two judges ruling on the same PACA trust assets. Further, as a practical matter and having personally litigated PACA cases for many years (including cases involving the counsel of record

Honorable Roanne L. Mann, U.S.M.J.
January 29, 2014
Page 2

in the above referenced lawsuit), every PACA case I have been involved with has involved several PACA creditor plaintiffs (whether as initial plaintiffs or as intervening plaintiffs) against one defendant-entity and its principals because the claims all seek recovery from the same PACA trust.

I have a motion prepared for filing but believe that this Court can rule on this issue without the need for formal motion practice because Defendants may ultimately consent after a promotion conference. As is customary in these PACA cases, there is a preliminary injunction hearing on January 30, 2014 that I will be attending. I am not seeking an adjournment of that hearing and this motion to intervene will not delay this case, which was only commenced on January 16, 2014. Intervention will allow the Court to hear and decide the PACA claims of multiple creditors in one proceeding.

Respectfully submitted,

Anthony M. Rainone

AMR:jps

cc: Jon Bodner Esq. (Via ECF)
Paul T. Gentile, Esq. (Via ECF)

BE:3565864.1/BEO001-107020