# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| REDI FRESH PRODUCE, INC.<br><br>*Plaintiff*,<br><br>-and-<br><br>GLOBAL TROPICAL FRUITS LLC,<br><br>*Intervening Plaintiff*,<br><br>v.<br><br>GLOBAL TROPICAL FRESH FRUIT CORP. and HARVEY EHRLICH, individually,<br><br>*Defendants*. | Civil Case No. 1:14-cv-00340-KAM-RML<br><br>**INTERVENOR'S COMPLAINT** |

For its Complaint, the Intervening Plaintiff respectfully states as follows:

## THE PARTIES

1. Global Tropical Fruits LLC ("Intervening Plaintiff") is a Florida limited liability company with offices located at 900 NW 22nd Street, Miami, Florida 33127.

2. The Intervening Plaintiff sells wholesale quantities of perishable agricultural commodities (hereinafter "Produce") in interstate commerce and operates its business under a valid United States Department of Agriculture issued PACA License.

3. Defendants are:

    (a) Global Tropical Fresh Fruit Corp., doing business in, among other places, Brooklyn, New York (the "Company"); and

    (b) Harvey Ehrlich (the "Principal"), on information and belief, is or was an

officer, director or shareholder in a position to control the Company at all times relevant to this action.

\* The Company and the Principals shall hereinafter be collectively referred to as the "Defendants."

4. At all times relevant hereto, each of the Defendants were engaged, directly or indirectly, in the business of purchasing and/or selling Produce in wholesale or jobbing quantities and, therefore, are "dealers" of Produce as defined by the Perishable Agricultural Commodities Act, 1930, *as amended*, 7 U.S.C. §§ 499a-499t (the "PACA").

5. At all times relevant hereto, each of the Defendants were engaged in the business, directly or indirectly, of negotiating sales and purchases of Produce in interstate or foreign commerce for or on behalf of a vendor or purchaser, respectively, and, therefore, are "brokers" of Produce as defined by the PACA.

6. At all relevant times hereto, the Company operated its business under an active, valid United States Department of Agriculture ("USDA") issued PACA License, which the USDA identifies as License No.: 20130596.

## JURISDICTION AND VENUE

7. The District Court has jurisdiction over this civil action arising under § 5(c)(4) of the PACA, 7 U.S.C. § 499e(c)(4), pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Intervening Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a). The Court has in rem jurisdiction over the Intervening Plaintiff's claims pursuant to, inter alia, 28 U.S.C. § 1655.

8. Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Intervening Plaintiff's claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

## FACTUAL ALLEGATIONS

9. Intervening Plaintiff and the Company entered into multiple contracts under which the Intervening Plaintiff agreed to sell the Produce and the Company agreed to purchase the Produce identified in the chart and unpaid invoices attached hereto and incorporated herein as <u>Exhibit A</u>.

10. Intervening Plaintiff sold to the Defendants, and the Defendants purchased from the Intervening Plaintiff, Produce having an invoice value in the current aggregate amount of $106,881.46, as set forth in Exhibit A.

11. The Defendants accepted each load of Produce which corresponds to the invoice numbers as listed in Exhibit A.

12. The Defendants accepted each load of Produce referenced in Exhibit A within the State of New York.

13. The Intervening Plaintiff issued to the Defendants, and the Defendants received, each of the invoices listed in Exhibit A.

14. The Intervening Plaintiff utilized each of the invoices listed in Exhibit A to perfect and otherwise preserve its PACA trust rights in and to each load of Produce listed in Exhibit A.

15. Intervening Plaintiff and the Defendants agreed that "[i]nterest will accrue on any past-due balance at the rate of 1.5% per month." *See* Exhibit A.

16. The Defendants failed to object to the Intervening Plaintiff's inclusion of the contract language quoted in paragraph 15 above as a material part of the parties' agreement.

17. The contract language quoted in paragraph 15 above represents a material part of the Intervening Plaintiff's standard credit terms.

18. Intervening Plaintiff and the Defendants further agreed that "[b]uyer agrees to pay all costs of collection, including attorneys' fees and costs as additional sums owed in connection with this transaction in the event collection action becomes necessary." *See* Exhibit A.

19. The Defendants failed to object to the Intervening Plaintiff's inclusion of the contract language quoted in paragraph 18 above as a material part of the parties' agreement.

20. The contract language quoted in paragraph 18 above represents a material part of the Intervening Plaintiff's standard credit terms.

21. The Intervening Plaintiff is an unpaid supplier or seller of Produce having sold Produce to the Defendants for which it remains unpaid.

22. The Defendants failed to pay or otherwise deliver good funds to the Intervening Plaintiff in the amount set forth under the "PACA Trust Amount" in Exhibit A, despite repeated demands from the Intervening Plaintiff.

23. At all relevant times hereto, the Company acted by and through its Principal.

**COUNT I**
**ENFORCEMENT OF THE PACA TRUST**

24. Intervening Plaintiff re-alleges paragraphs 1 through 23 as though fully set forth herein.

25. The Defendants are in possession, custody and control of all assets derived from the Defendants' sale of: (i) Produce; (ii) food or products derived from Produce; (iii) accounts receivable; (iv) proceeds from the sale of Produce; (v) cash; (vi) any other assets commingled with proceeds of Produce; and (vii) any other assets acquired or maintained with such proceeds, cash, assets, or other trust assets held in the Company's name (the "PACA Trust Assets") for the benefit of Intervening Plaintiff and all other similarly-situated PACA trust beneficiaries.

4

26. The Defendants failed to deliver to Intervening Plaintiff sufficient funds from the PACA Trust Assets for any of the shipments of Produce listed in Exhibit A.

27. The Defendants failed to preserve sufficient amounts of the PACA Trust Assets to fully satisfy all qualified PACA trust claims, such as the Intervening Plaintiff's unpaid claims asserted in this action.

28. The matters and actions alleged in this Count I constitute a violation by Defendants of Section 2 of the PACA.

29. As a direct result of the Defendants' failure to properly protect the PACA Trust Assets from dissipation, the Intervening Plaintiff has suffered damages which are covered under the PACA trust in the current aggregate amount of $106,881.46, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action.

30. On information and belief, additional unknown and unpaid trust beneficiaries exist. As a result, Intervening Plaintiff further seeks the entry of an Order directing the Defendants to immediately turn over to the Registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as the Intervening Plaintiff herein, thereby creating a fund for the benefit of said trust beneficiaries.

## COUNT II
## PACA VIOLATION: FAILURE TO PAY PROMPTLY

31. Intervening Plaintiff re-alleges paragraphs 1 through 30 as though fully set forth herein.

32. The Defendants received each of the shipments of Produce referenced in Exhibit A.

33. The Defendants failed to pay the invoices identified in Exhibit A within the applicable payment terms that were in effect between the parties at the time of each transaction.

34. The matters and actions alleged in this Count II constitute a violation by Defendants of Section 2 of the PACA.

35. As a direct result of the Defendants' failure to pay for each invoice within terms, the Intervening Plaintiff has incurred damages in the current aggregate amount of $106,881.46, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action.

## COUNT III
## BREACH OF CONTRACT

36. Intervening Plaintiff re-alleges paragraphs 1 through 35 as though fully set forth herein.

37. Intervening Plaintiff and the Company entered into the various contracts referenced in Exhibit A.

38. In each contract, the Intervening Plaintiff agreed to sell Produce to the Company and the Company agreed, *inter alia*, to purchase Produce from the Intervening Plaintiff.

39. Intervening Plaintiff delivered conforming goods to the Company and has otherwise satisfied all conditions of said contracts.

40. The Company failed to pay for each shipment of Produce referenced in Exhibit A.

41. As a direct result of the Company's failure to pay for each shipment of Produce identified in Exhibit A, the Intervening Plaintiff has incurred damages in the current aggregate amount of $106,881.46, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action.

## COUNT IV
## BREACH OF FIDUCIARY DUTY

42. Intervening Plaintiff re-alleges paragraphs 1 through 41 as though fully set forth herein.

43. At all times relevant to this action, the Principal was an officer, director, or shareholder of the Company, and the person in charge of its business undertakings.

44. On information and belief, at all times relevant to this action, the Principal was engaged in the business of buying or selling Produce in interstate or foreign commerce in wholesale or jobbing quantities.

45. At all times relevant to this action, the Principal controlled and managed the Company's operations and had control over the Company's financial dealings, including those involving the PACA Trust Assets.

46. At all times relevant to this action, the Principal was in a position to control and manage the Company's operations and had the ability to control the Company's financial dealings, including those involving the PACA Trust Assets.

47. At all times relevant to this action, the Principal had the authority to direct the payment of the Company's operating funds and otherwise had the power to direct the application or disposition of the PACA Trust Assets.

48. At all times relevant to this action, the Principal was an authorized signatory on the Company's bank account(s) and otherwise had the power to direct the application or disposition of the PACA Trust Assets.

49. As an officer or director of the Company, the Principal was a statutory trustee with a duty to safeguard the PACA Trust Assets and was required to maintain the trust assets in such a

manner as to ensure there were, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations such as those owed to the Intervening Plaintiff herein.

50. Because the Principal controlled and/or was in a position to control the Company, and the Intervening Plaintiff's invoices have not been paid from PACA Trust Assets as its bills fell due, the Principal has breached his fiduciary duty under the PACA trust.

51. The Principal continues to hold any and all PACA Trust Assets having come into his possession as trustee for the Intervening Plaintiff's beneficial interest in the PACA trust.

52. The Principal is personally liable to Intervening Plaintiff, which liability is joint and several with the Company and any third parties having received any PACA Trust Assets with actual or constructive notice of the breach of the PACA Trust, for the dissipation of the PACA trust in the current aggregate amount of $106,881.46, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action, to be satisfied from the Principal's personal assets.

## COUNT V
## INTERFERENCE WITH RECEIPT OF TRUST ASSETS

53. The Intervening Plaintiff re-alleges paragraphs 1 through 52 as though fully set forth herein.

54. The Principal is the current or former officer, director and/or shareholder of the Company.

55. At all times relevant to this action, the Principal was either in control or in a position to control the PACA Trust Assets of the Company.

56. On information and belief, the Principal caused the Company to commit a breach of the PACA trust by, *inter alia*, transferring PACA Trust Assets from the Company to non-PACA trust

beneficiaries in violation of his duties under the PACA.

57.     The Intervening Plaintiff is a PACA trust beneficiary who was entitled to immediate distribution of the PACA Trust Assets by virtue of the unpaid invoices identified in Exhibit A.

58.     On information and belief, persons or entities who are not PACA trust beneficiaries received PACA Trust Assets subject to the Intervening Plaintiff's trust claims herein.

59.     In transferring PACA Trust Assets from the Company to non-PACA trust beneficiaries, the Principal damaged that property and/or interfered with its delivery to the Intervening Plaintiff and other similarly situated PACA trust beneficiaries.

60.     The Principal failed to preserve the PACA Trust Assets for the benefit of the Intervening Plaintiff and other similarly situated PACA trust creditors.

61.     As a direct result of the Principal's interference with the PACA Trust Assets and the delivery of the same to the Intervening Plaintiff, the Intervening Plaintiff has incurred damages in the current aggregate amount of $106,881.46, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Intervening Plaintiff respectfully seeks the entry of an Order providing as follows:

A)     As to Count I:  (i) entering an Order creating a common fund and/or otherwise compelling the preservation of the Defendants' PACA Trust Assets for the benefit of the Intervening Plaintiff and other similarly-situated PACA trust beneficiaries that properly join in the instant action, (ii) entering an Order directing the Defendants to immediately turn over to the registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as the

Intervening Plaintiff, and (iii) entering a Final Judgment in favor of Intervening Plaintiff and against the Defendants, jointly and severally, in the current amount of $106,881.46, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein.

  B)  As to Count II, entering a Final Judgment in favor of Intervening Plaintiff and against the Defendants, jointly and severally, in the current amount of $106,881.46, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein.

  C)  As to Count III, entering a Final Judgment in favor of Intervening Plaintiff and against the Company for breach of contract in the current amount of $106,881.46, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein.

  D)  As to Count IV, entering a Final Judgment in favor of Intervening Plaintiff and against the Principal, on a joint and several basis with the Company, for a breach of his fiduciary duty to the PACA trust, in the current amount of $106,881.46, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein,

  E)  As to Count V, entering a Final Judgment in favor of Intervening Plaintiff and against the Principal, on a joint and several basis with the Company, for tortious interference with receipt of the PACA Trust Assets, in the current amount of $106,881.46, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein, and

F) Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Dated: February 7, 2014　　　　　　　　By: s/ *Anthony M. Rainone*
　　　　　　　　　　　　　　　　　　　　Anthony M. Rainone, Esq.
　　　　　　　　　　　　　　　　　　　　Eric Magnelli, Esq.
　　　　　　　　　　　　　　　　　　　　**BRACH EICHLER L.L.C.**
　　　　　　　　　　　　　　　　　　　　101 Eisenhower Parkway
　　　　　　　　　　　　　　　　　　　　Roseland, NJ 07068
　　　　　　　　　　　　　　　　　　　　Telephone: (973) 228-5700
　　　　　　　　　　　　　　　　　　　　Facsimile: (973) 228-7852
　　　　　　　　　　　　　　　　　　　　*Attorneys for Intervening Plaintiff*
　　　　　　　　　　　　　　　　　　　　*Global Tropical Fruits LLC*